IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAROLD HOBBS**  **PLAINTIFF**
**ADC #077219**

v.  No: 4:23-cv-00515-KGB-PSH

**DEXTER PAYNE,** *et al.*  **DEFENDANTS**

### ORDER

On June 2, 2023, plaintiff Harold Hobbs filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Doc. Nos. 1-2. Hobbs is an inmate at the Maximum Security Unit in the Arkansas Division of Correction ("ADC") and a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Hobbs v. Owings et al.,* No. 4:89-cv-00879-GTE (E.D. Ark.); *Hobbs v. White, et al.*, No. 5:08-cv-00154-SWW (E.D. Ark.); and *Hobbs v. Evans, et al.*, No. 5:12-cv-00044-JMM (E.D. Ark.).

As a three-striker, Hobbs must show that he was in imminent danger of serious physical injury at the time he filed the complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Hobbs claims that he is not receiving adequate medical treatment for HCV (hepatitis C) and for pain in his feet, shoulder, and back.  Doc. No. 2 at 4.  He also alleges his orthopedic shoes were taken by defendant APN Semester, and that defendants Major Mahoney and Lieutenant Scott labeled him a snitch in retaliation for his use of grievances and the courts.  *Id.* at 6 & 9.  He further alleges that defendant William Straughn denied him medical treatment in retaliation for a lawsuit he won (5:12-cv-00064-JM).  *Id.* at 10.

The Court needs more information to determine if Hobbs's claims meet the imminent-danger exception to the PLRA's three-strikes rule.  Accordingly, Hobbs must amend his complaint within thirty days from the date of this Order.  Hobbs must provide specific facts to support a claim that he is in danger of imminent serious physical injury.  He must specifically describe his serious medical needs and why he believes they have not been adequately treated.  Hobbs must also describe the

involvement of each defendant and how they are contributing to an ongoing risk of serious physical injury. Finally, Hobbs' claims must be factually related if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[1]

The Clerk of Court is directed to send a blank § 1983 complaint form to Hobbs. Hobbs is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order by that date, this case may be dismissed.

IT IS SO ORDERED this 5th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).