IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAROLD HOBBS**  **PLAINTIFF**
**ADC #077219**

v.   Case No. 4:23-cv-00515-KGB-PSH

**DEXTER PAYNE,** *et al.*   **DEFENDANT**

## ORDER

Before the Court are the first Proposed Findings and Partial Recommendation ("First Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 6), plaintiff Harold Hobbs's motion for summary judgment (Dkt. No. 8), and the second Proposed Findings and Partial Recommendation ("Second Recommendation") by Judge Harris (Dkt. No. 9). In the First Recommendation, Judge Harris screens the complaint (Dkt. No. 6). In the Second Recommendation, Judge Harris addresses Mr. Hobbs's motion for summary judgment (Dkt. No. 9). Mr. Hobbs timely filed objections to the First Recommendation (Dkt. No. 7). Mr. Hobbs did not file objections to the Second Recommendation, and the time to do so has passed. The Court acknowledges that Mr. Hobbs has made subsequent filings after Judge Harris entered the Second Recommendation. The Court will address the First Recommendation and then the Second Recommendation.

  I.  **First Recommendation**

The First Recommendation screens the complaint pursuant to 28 U.S.C. § 1915A (Dkt. No. 6, at 2). Judge Harris notes that the Court's records indicate that Mr. Hobbs is a "three-striker" under the PLRA (*Id.*, at 2 n.1). On June 5, 2023, the Court directed Mr. Hobbs to amend his complaint to show whether he meets the imminent-danger exception to the PLRA's three-strikes rule (*Id.*, at 1–2 (citing Dkt. No. 3)). Judge Harris recommends that all claims except Mr. Hobbs's

deliberate indifference and retaliation claims against Seamster be dismissed without prejudice (*Id.*, at 5). Judge Harris concludes that Mr. Hobbs met at the time of filing the imminent-danger exception with respect to the allegation that Seamster is not treating a chronic hepatitis C viral infection ("HCV") (*Id.*, at 2 (citing Dkt. No. 5)). Mr. Hobbs timely objected to Judge Harris's First Recommendation (Dkt. No. 7).

After careful consideration, the Court concludes that the First Recommendation should be, and hereby is, approved with the exception that Mr. Hobbs may proceed with his retaliation and deliberate indifference claims against defendants Director Payne, Warden Shipman, and Manager Sigh, in addition to Seamster (Dkt. No. 6). The Court writes to address Mr. Hobbs's objections regarding his status as a three-striker under the PLRA, his retaliation and deliberate indifference claims against Dexter Payne, Warden Shipman, Manager Sigh, and Seamster, and his claims against Major Mahoney and Lieutenant Scott.

### A. Three Strikes

First, the Court addresses Mr. Hobbs's objections regarding his status as a three-striker under the PLRA. In her First Recommendation, Judge Harris finds that Mr. Hobbs has three strikes under the PLRA (Dkt. No. 6, at 2 n.1). Mr. Hobbs objects, contending that he was not the plaintiff in one of the "strike" cases: *Hobbs v. Owings, et al.*, No. 4:89-cv-00879-GTE (E.D. Ark.) (Dkt. No. 7, at 4). Mr. Hobbs states "[m]y name is Harold Hobbs #077219" and that looking at the ADC number of the plaintiff in *Hobbs v. Owings, et al.*, Case No. 4:89-cv-00879-GTE, will demonstrate that he is not the plaintiff in that case (*Id.*). Based on records available to this Court, the plaintiff in *Hobbs v. Owings, et al.*, is named Harold Hobbs and has the ADC number 77219. Therefore, the Court agrees with Judge Harris's finding that Mr. Hobbs has three strikes under the PLRA (Dkt. No. 6, at 2 n.1). The Court adopts this portion of the First Recommendation (Dkt. No. 6).

### B. Retaliation And Deliberate Indifference Claims

Second, the Court addresses Mr. Hobbs's retaliation and deliberate indifference claims against Director Payne, Warden Shipman, Manager Sigh, and Seamster. In her First Recommendation, Judge Harris recommends that Mr. Hobbs's retaliation and deliberate indifference claims against Seamster continue but that Mr. Hobbs "states insufficient facts to support a claim against defendants Payne, Shipman, or Sigh." (Dkt. No. 6, at 3). Judge Harris explains that:

> [Mr.] Hobbs does not specifically describe what he told these defendants about his lack of treatment for a Hepatitis C infection or what actions they failed to take in response. And while he says they told him to stop writing grievances and lawsuits, he does not describe any retaliatory move on their part, or adverse action taken by them because of grievances or lawsuits he had filed. Accordingly, these allegations are too general and conclusory to state a claim for relief and should be dismissed without prejudice.

(*Id.*, at 4 (footnote omitted)). Mr. Hobbs objects, stating that he told Dexter Payne that he needed treatment for HCV and that his medical files were being ignored (Dkt. No. 7, at 1–2).

As Judge Harris noted, a *pro se* complaint must be liberally construed (Dkt. No. 6, at 3 (citing *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043–44)). At the screening stage, the Court must "accept[] as true all factual allegations contained in the complaint and afford[] the plaintiff all reasonable inferences that can be drawn from those allegations." *Jackson v. Nixon*, 747 F.3d 537, 540–41 (8th Cir. 2014) (quoting *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011)).

Mr. Hobbs's amended complaint states that:

> Dexter Payne is the Director of the A.D.C. I talk [sic] with him and told him I am being Ignored [sic] my medical files [sic]. I told him I was in much pain day and night in feet's [sic] shoulder's [sic] back and need treatment for H-C-V. He told me to stop Law [sic] suit and Grieved [sic] then he would Look [sic] into it. Warden Shipman told me to stop writing Law Suit's [sic] and Grievance [sic] there was not anything they could do. Manager Sigh Health Care [sic] on -1-12-2023 [sic] told

3

> me I should not be puting [sic] in Grievance [sic] and Law Suit's—APN Semster [sic] told me because of my Law Suit [sic] and Grievance [sic] I would be getting no treatment[.]

(Dkt. No. 4, at 4). Based on Mr. Hobbs's allegations, and reasonable inferences that can be drawn from them, the Court understands Mr. Hobbs to allege that Director Payne, Warden Shipman, Manager Sigh, and Seamster were all informed of Mr. Hobbs's pain related to his HCV, were aware that he was not receiving adequate medical care to address this pain, and then refused to address this issue unless he stopped pursuing grievances and lawsuits.

Mr. Hobbs's allegations against Director Payne clearly state that Mr. Hobbs informed Mr. Payne of his pain and his need for HCV treatment while referencing his medical files and being ignored (*Id.*, at 4). Director Payne explicitly refused to "look into it" based on Mr. Hobbs's lawsuits and grievances (*Id.*, at 4). Mr. Hobbs's next statement, that Warden Shipman told him to stop writing lawsuits and grievances or else there was nothing they could do, can reasonably be construed to infer that Mr. Hobbs shared the same information with Warden Shipman that he did with Director Payne. The same is true with regard to Manager Sigh, who is mentioned in the next sentence and is tagged as being involved in health care.

The pleading standard does not require Mr. Hobbs to provide "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, it requires Mr. Hobbs to provide sufficient factual allegations to state a plausible claim for relief. *See id*.

Judge Harris set forth the following law on retaliation:

> To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory,

>or de minimis allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

(Dkt. No. 6, at 4 n.2).

The First Amendment protects prison grievances and inmate lawsuits. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994)). Based on this Court's understanding of the allegations, Mr. Hobbs alleges that he filed prison grievances and inmate lawsuits; Director Payne, Warden Shipman, Manager Sigh, and Seamster each knew about his pain related to his HCV; and each refused to act to address his pain and medical issues due to his grievances and lawsuits.

This Court determines that requiring Mr. Hobbs "specifically [to] describe what he told these defendants about his lack of treatment for a Hepatitis C infection or what actions they failed to take in response" requires a level of pleading beyond the legal standard applicable at this stage (*Cf.* Dkt. No. 6, at 4). Additionally, Judge Harris's finding that Mr. Hobbs "does not describe any retaliatory move on their part, or adverse action taken by them because of grievances or lawsuits he had filed" ignores the crux of Mr. Hobbs's allegations: that Director Payne, Warden Shipman, Manager Sigh, and Seamster told him they would do nothing to provide medical treatment after being made aware of his needs, and did, in fact, do nothing to provide medical treatment (*Id.*).

Whether this activity, or inactivity, is a viable "adverse action" is a matter that the parties may litigate beyond the screening stage. *See generally Bollman v. Ciesla*, No. 2:14-CV-02001, 2014 WL 1765003, at *5 (W.D. Ark. May 2, 2014), *aff'd sub nom. Bollman v. Greenwood Sch. Dist.*, 626 F. App'x 657 (8th Cir. 2015) ("The Court assumes for the sake of argument that deliberate indifference could satisfy the 'adverse action' element.").

Mr. Hobbs also asserts a deliberate indifference claim against Director Payne, Warden Shipman, Manager Sigh, and Seamster. A deliberate indifference claim made with respect to

medical needs requires the plaintiff to show "an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (citing *Gordon ex. rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). While Director Payne, Warden Shipman, and Manager Sigh may serve in a supervisory position, a supervisor incurs liability under 42 U.S.C. § 1983 when "the supervisor's corrective inaction constitutes deliberate indifference toward the violation. The supervisor must know about the conduct, and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Wagner v. Jones*, 664 F.3d 259, 275 (8th Cir. 2011) (quoting *Ottoman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003)). Because the Court understands Mr. Hobbs to allege that Director Payne, Warden Shipman, Manager Sigh, and Seamster each knew about, and deliberately disregarded, Mr. Hobbs's medical needs related to his HCV, the Court finds that Mr. Hobbs's pleadings are sufficient to state a claim for deliberate indifference against each of those defendants.

For the foregoing reasons, the Court finds that Mr. Hobbs may continue with his retaliation and deliberate indifference claims against Director Payne, Warden Shipman, Manager Sigh, and Seamster. The Court adopts, in part, and rejects, in part, this portion of the First Recommendation (Dkt. No. 6).

### C.   Claims Against Major Mahoney And Lieutenant Scott

Third, the Court addresses Mr. Hobbs's claims against Major Mahoney and Lieutenant Scott. In the First Recommendation, Judge Harris recommends that Mr. Hobbs's claims against Mahoney and Scott should be dismissed because they are factually unrelated to his claims against Seamster and may not be prosecuted in a single action against multiple defendants. (*Id.*, at 5 (footnote omitted)); *see* Fed. R. Civ. P. 20(a)(2).. Mr. Hobbs objects, asserting that Major

6

Mahoney and Lieutenant Scott "should not be dismissed because they are factually related" to his claims (Dkt. No. 7, at 3).  Mr. Hobbs claims that Major Mahoney and Lieutenant Scott were "aware of [the] constitutional violation when they had me move over 25 time[s] to one [barracks] to the next telling inmate[s] I was a snitch putting my life in trouble here." (*Id*., at 3–4).

The Court agrees with Judge Harris's finding that Mr. Hobbs's retaliation allegations against Major Mahoney and Lieutenant Scott involve a different subject matter than the remainder of Mr. Hobbs's complaint (Dkt. No. 6, at 5).  Mr. Hobbs alleges that Major Mahoney and Lieutenant Scott moved Mr. Hobbs to different units and labeled him as a "snitch" in retaliation for his grievances and lawsuits (Dkt. No. 4, at 5).  These allegations are separate from the allegations of retaliation and deliberate indifference against Director Payne, Warden Shipman, Manager Sigh, and Seamster, which relate to Mr. Hobbs's medical care (*Id*., at 4).  The Court adopts this portion of the First Recommendation (Dkt. No. 6).

## II.     Second Recommendation

The Second Recommendation examines Mr. Hobbs's motion for summary judgment (Dkt. Nos. 8; 9).  Judge Harris recommends that the motion for summary judgment be denied because there is a lack of record evidence to support Mr. Hobbs's allegations (Dkt. No. 9, at 2).  Mr. Hobbs has not filed objections to the pending Second Recommendation, and the time to do so has passed.  The Court agrees with Judge Harris's assessment that the motion for summary judgment "simply restates the allegations of his complaint and offers no supporting evidence." (*Id*.).  Further, the Court notes that no defendant had been served at the time the motion for summary judgment was filed (*Id*.).  Therefore, the Court approves of and adopts Judge Harris's Second Recommendation in its entirety as this Court's findings in all respects (*Id.*).  Mr. Hobbs's motion for summary judgment is denied without prejudice (Dkt. No. 8).

**III. Conclusion**

For the foregoing reasons, the Court:

1. adopts, in part, and rejects, in part, the First Recommendation (Dkt. No. 6). Mr. Hobbs is a three-striker. Mr. Hobbs may continue with his retaliation and deliberate indifference claims against Director Payne, Warden Shipman, Manager Sigh, and Seamster. The Court dismisses without prejudice Mr. Hobbs's remaining claims, including but not limited to his retaliation claims against Major Mahoney and Lieutenant Scott, as those involve a different subject matter than the remainder of Mr. Hobbs's complaint.

2. adopts the Second Recommendation (Dkt. No. 8). The Court denies Mr. Hobbs's motion for summary judgment.

It is so ordered this 6th day of September, 2024.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge